1   Thomas M. Donnelly (State Bar No. 136546)
    tmdonnelly@jonesday.com
2   JONES DAY
    555 California Street, 26th Floor
3   San Francisco, CA  94104
    Telephone:  +1.415.626.3939
4   Facsimile:   +1.415.875.5700

5   Attorneys for Defendants
    John W. Duckett, As Trustee of the Alfred C.
6   Duckett, Jr. Trust; Nancy Duckett Brantly
    Trust; Estate of Rhea L. Duckett, Deceased
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  MONTERRA INVESTMENT L.P., a            Case No. 8:13-cv-01487-GW-RNB
    California Limited Partnership,
12                                          Assigned for all purposes to Hon.
                 Plaintiff,                 George H. Wu
13
14        v.                                **JOHN W. DUCKETT AS
                                            TRUSTEE OF THE ALFRED C.
15  JOHN W. DUCKETT AS TRUSTEE             DUCKETT, JR. TRUST,
    OF THE ALFRED C. DUCKETT, JR.          NANCY DUCKETT BRANTLY
16  TRUST; NANCY DUCKETT                    TRUST, AND ESTATE OF
    BRANTLY TRUST; ESTATE OF               RHEA L. DUCKETT'S
17  RHEA L. DUCKETT, DECEASED;             ANSWER TO MONTERRA
    and DOES 1 through 10, inclusive,      INVESTMENT L.P.'S
18                                          COMPLAINT**
                 Defendant.
19
20

21

22        Defendants John W. Duckett, as Trustee of the Alfred C. Duckett, Jr. Trust,

23  the Nancy Duckett Brantly Trust, and the Estate of Rhea L. Duckett, Deceased

24  (collectively, the "Ducketts"), hereby answer plaintiff Monterra Investment L.P.'s

25  ("Monterra") Complaint, filed September 23, 2013, as follows:

26                           **GENERAL DENIAL**

27

28        Except as expressly admitted herein, the Ducketts deny each and every

allegation in the Complaint.

## **SPECIFIC RESPONSES**

1.     The Ducketts admit the allegations of Paragraph 1.

2.     The Ducketts admit the allegations of Paragraph 2.

3.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3, and on that basis deny such allegations.

4.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegation that the Alfred C. Duckett, Jr. Trust did and/or is doing business in the State of California, and on that basis deny such allegation. The Ducketts admit the remaining allegations of Paragraph 4.

5.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegation that the Nancy Duckett Brantly Trust did and/or is doing business in the State of California, and on that basis deny such allegation. The Ducketts admit the remaining allegations of Paragraph 5.

6.     The Ducketts admit that Monterra names the Estate of Rhea L. Duckett, Deceased, (the "Estate") in this lawsuit pursuant to California Probate Code Sections 500 et seq. The Estate limits its appearance to claims brought under such code sections. The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 6, and on that basis deny such allegations.

7.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and on that basis deny such allegations.

8.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and on that basis deny such allegations.

9.     The Ducketts lack sufficient knowledge or information to form a belief

as to the truth of the allegations of Paragraph 9, and on that basis deny such allegations.

10.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10, and on that basis deny such allegations.

11.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11, and on that basis deny such allegations.

12.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12, and on that basis deny such allegations.

13.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13, and on that basis deny such allegations.

14.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14, and on that basis deny such allegations.

15.     The Ducketts deny the allegations of Paragraph 15.

16.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16, and on that basis deny such allegations.

17.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17, and on that basis deny such allegations.

18.     The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18, and on that basis deny such allegations.

Answer to Complaint
8:13-cv-01487-GW-RNB

**FIRST CAUSE OF ACTION**

**(Cost Recovery Under CERCLA Section 107(a))**

19. The Ducketts hereby incorporate by reference, as though fully stated herein, their responses to Paragraphs 1 through 18, inclusive.

20. Paragraph 20 consists of a legal conclusion as to which no response is required. To the extent a response is required, the Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20, and on that basis deny such allegations.

21. Paragraph 21 consists of a legal conclusion as to which no response is required. To the extent a response is required, the Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21, and on that basis deny such allegations.

22. The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22, and on that basis deny such allegations.

23. The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23, and on that basis deny such allegations.

24. The Ducketts deny the allegations of Paragraph 24.

**SECOND CAUSE OF ACTION**

**(Declaratory Judgment Under CERCLA Section 113(g))**

25. The Ducketts hereby incorporate by reference, as though fully stated herein, their responses to Paragraphs 1 through 24, inclusive.

26. The Ducketts admit that there now exists an actual controversy between Monterra and the Ducketts relating to alleged liability and responsibility for future response costs, if any, necessary to abate the alleged release or threatened release of hazardous substances. The Ducketts deny the allegations of Paragraph 26 to the extent that they allege that Monterra is entitled to any relief from or relating

to the Ducketts.  The Ducketts lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that basis deny such allegations.

27.    Paragraph 27 consists of legal conclusions as to which no response is required.  To the extent a response is required, the Ducketts lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27, and on that basis deny such allegations.

## REMAINING PARAGRAPHS

The remaining paragraphs of the Complaint consist of Monterra's Prayer for Relief as to which no response is required.  Insofar as a response is required, the Ducketts admit that Monterra is seeking the specified relief, but deny that Monterra is entitled to any relief from or relating to the Ducketts.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (Not an Owner or Operator at Time of Alleged Disposal/Release)

1.    The Ducketts are not liable to Monterra because the Ducketts did not own or operate any facility at which any alleged hazardous substances were disposed of or released, at the time of the alleged disposal or release, pursuant to CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2).

## SECOND AFFIRMATIVE DEFENSE

## (Not a Liable Arranger)

2.    The Ducketts are not liable to Monterra because the Ducketts did not—by contract, agreement, or otherwise—arrange for disposal or treatment, or arrange with a transporter for transport for disposal or treatment, of any hazardous substances allegedly owned or possessed by the Ducketts or any other entity, at any facility or incineration vessel owned or operated by another entity and containing such hazardous substances, pursuant to CERCLA § 107(a)(3), 42 U.S.C. § 9607(a)(3).

Answer to Complaint
8:13-cv-01487-GW-RNB

| | |
|---|---|
| 1 | **THIRD AFFIRMATIVE DEFENSE** |
| 2 | **(Act of God)** |
| 3 | 3.      The Ducketts are not liable to Monterra because the alleged release or |
| 4 | threat of release of a hazardous substance and the alleged damages resulting |
| 5 | therefrom were caused solely by an act of God, pursuant to CERCLA § 107(b)(l), |
| 6 | 42 U.S.C. § 9607(b)(l). |
| 7 | **FOURTH AFFIRMATIVE DEFENSE** |
| 8 | **(Act of Third Party)** |
| 9 | 4.      The Ducketts are not liable to Monterra because the alleged release or |
| 10 | threat of release of a hazardous substance and the alleged damages resulting |
| 11 | therefrom were caused solely by an act or omission of a third party, pursuant to |
| 12 | CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3). |
| 13 | **FIFTH AFFIRMATIVE DEFENSE** |
| 14 | **(Inconsistency with NCP)** |
| 15 | 5.      The Ducketts are not liable for Monterra's alleged costs and/or |
| 16 | damages because those costs and/or damages, if any, were not incurred consistent |
| 17 | with the National Contingency Plan, pursuant to CERCLA § 107(a)(4), 42 U.S.C. § |
| 18 | 9607(a)(4). |
| 19 | **SIXTH AFFIRMATIVE DEFENSE** |
| 20 | **(Unnecessary Costs)** |
| 21 | 6.      Some or all costs alleged in the Complaint are not "necessary costs of |
| 22 | response" as required by CERCLA § 107(a), 42 U.S.C. § 9607(a).  The Ducketts |
| 23 | are not liable for any such costs that are not "necessary costs."  The Ducketts also |
| 24 | are not liable for any response or remedial action that is not cost effective in |
| 25 | accordance with CERCLA and/or EPA regulations. |
| 26 | **SEVENTH AFFIRMATIVE DEFENSE** |
| 27 | **(Not Response Costs)** |
| 28 | 7.      Some or all costs alleged in the Complaint do not constitute response |

Answer to Complaint
8:13-cv-01487-GW-RNB

costs within the meaning of CERCLA § 101(25), 42 U.S.C. § 9601(25), and are therefore not recoverable.

## EIGHTH AFFIRMATIVE DEFENSE

### (Not Removal or Remedial Action Costs)

8. Some or all costs alleged in the Complaint do not constitute removal or remedial action costs within the meaning of CERCLA § 101(23)-(24), 42 U.S.C. § 9601(23)-(24), and are therefore not recoverable.

## NINTH AFFIRMATIVE DEFENSE

### (Not a "Facility")

9. The Ducketts are not liable to Monterra because the site of the alleged release or threatened release is not a "facility" as defined in CERCLA § 101(9), 42 U.S.C. § 9601(9).

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Allocation)

10. The Ducketts are not liable for any other person's fair, equitable, and/or proportionate share of any relief to which Monterra may be entitled. Monterra's claims for response costs and damages should be reduced in accordance with CERCLA § 113(f), 42 U.S.C. § 9613(f) and/or other equitable considerations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Harm)

11. If any hazardous substances from any act or omission of the Ducketts were or are present, which the Ducketts deny, then the amount of, and/or the harm or relief attributable to, such hazardous substances is de minimis.

## TWELFTH AFFIRMATIVE DEFENSE

### (Divisibility of Harm With Respect to Third Parties)

12. The Ducketts are not liable, jointly and severally or otherwise, for any releases, response costs or damages that are divisible from any releases, response costs or damages that are attributable to any other person or entity.

Answer to Complaint
8:13-cv-01487-GW-RNB

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Divisibility of Harm)

13.    The Ducketts are not liable, jointly and severally or otherwise, because the alleged releases, response costs or damages are divisible.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Cause)

14.    No act or omission of the Ducketts or by any person or entity for which the Ducketts may be responsible was the legal cause of any release, threatened release, response costs or damages for which relief is sought in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

15.    No act or omission of the Ducketts or by any person or entity for which the Ducketts may be responsible was the proximate cause of any release, threatened release, response costs or damages for which relief is sought in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Independent, Intervening, and/or Superseding Cause)

16.    Any act or omission of the Ducketts was not a substantial factor in bringing about Monterra's alleged response costs or damages and was not a contributing cause thereof.  If Monterra incurred response costs or damages, such response costs or damages were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which the Ducketts had no control and did not in any way participate in and for which the Ducketts are not liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

17.    The Complaint fails to state a claim against the Ducketts upon which

1  relief can be granted.

2  ### EIGHTEENTH AFFIRMATIVE DEFENSE

3  ### (Actions Authorized by Law)

4      18.    The Ducketts are not liable to Monterra because the Ducketts' acts

5  and/or omissions were authorized by statute, regulation, ordinance, or other law.

6  ### NINETEENTH AFFIRMATIVE DEFENSE

7  ### (Compliance with Laws)

8      19.    The Ducketts are not liable to Monterra because the Ducketts acted

9  reasonably and with due care and complied with all applicable statutes, regulations,

10  ordinances, and/or other laws.

11  ### TWENTIETH AFFIRMATIVE DEFENSE

12  ### (Failure to Join Necessary and/or Indispensable Parties)

13      20.    The Complaint is barred by Monterra's failure to join all necessary

14  and/or indispensable parties needed for a just adjudication of the subject matter of

15  this action.

16  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

17  ### (Failure to Mitigate)

18      21.    The Complaint, and each claim therein, is barred, in whole or in part,

19  by Monterra's failure to mitigate any alleged costs and/or damages.

20  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

21  ### (Set-Off)

22      22.    The Ducketts are entitled to an offset against any liability for the

23  greater of (1) any amounts actually paid by any person for any of the costs and/or

24  damages alleged in the Complaint, or (2) the equitable share of the liability of any

25  person or entity that has received or hereafter receives a release from liability or a

26  covenant not to sue with respect to any of the response costs or damages alleged in

27  the Complaint.

28

Answer to Complaint
8:13-cv-01487-GW-RNB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Contribution or Indemnity)

23.    The Ducketts are entitled, according to proof, to contribution or indemnity from Monterra or any other party pursuant to CERCLA and common law, and such contribution or indemnity would offset or eliminate any liability of the Ducketts.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

24.    Monterra's claims are barred, in whole or in part, by the applicable statutes of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

25.    The Complaint does not describe its claims or events with sufficient particularity to allow the Ducketts to ascertain what other affirmative defenses may exist.  The Ducketts, therefore, reserve the right to assert all affirmative defenses which may pertain to the Complaint once the precise nature of the claims is ascertained.  The Ducketts also reserve the right to assert all other defenses that arise in discovery, at trial, or otherwise.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reliance upon Other Parties' Defenses)

26.    All affirmative defenses raised by any other party, to the extent applicable to the Ducketts, are incorporated by reference as if fully set forth herein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Capacity to be Sued)

27.    The Nancy Duckett Brantly Trust lacks capacity to be sued and is not a proper defendant to this action.

/ / /

/ / /

Answer to Complaint
8:13-cv-01487-GW-RNB

## **PRAYER FOR RELIEF**

WHEREFORE, the Ducketts pray as follows:

1.     That the Court dismiss the Complaint with prejudice;

2.     That Monterra take nothing by reason of its Complaint and that judgment be rendered in favor of the Ducketts;

3.     That the Ducketts be awarded their costs, attorneys' fees, and expenses incurred in connection with this action; and

4.     For such other relief as the Court deems just and proper.


Dated:         November 26, 2013          JONES DAY


                                          By: /s/ Thomas M. Donnelly
                                              Thomas M. Donnelly

                                          Attorneys for Defendant
                                          JOHN W. DUCKETT AS TRUSTEE
                                          OF THE ALFRED C. DUCKETT, JR.
                                          TRUST; NANCY DUCKETT
                                          BRANTLY TRUST; ESTATE OF
                                          RHEA L. DUCKETT, DECEASED

SFI-844429v1