1  DONGELL LAWRENCE FINNEY LLP
   MATTHEW CLARK BURES (SBN 143361)
2  (mbures@dlflawyers.com)
   MICHAEL E. GALLAGHER (SBN 195592)
3  (mgallagher@dlflawyers.com)
   707 Wilshire Boulevard, 45th Floor
4  Los Angeles, CA  90017-3609
   Telephone:  (213) 943-6100
5  Facsimile:   (213) 943-6101

6  Attorneys for Third-Party Defendants
   BYUNG HA WOO & JUNG SOOK WOO

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 MONTERRA INVESTMENT, L.P., a        Case No.:  8:13-CV-01487-GW
   California Limited Partnership,       (RNBx)
12
                                        Assigned to all purposes to:
13            Plaintiff,                 Honorable George Wu

14      v.                              **ANSWER TO THIRD-PARTY
                                        COMPLAINT**
15

16 JOHN W. DUCKETT AS TRUSTEE OF
   THE ALFRED C. DECKETT, JR.          Complaint Filed:   September 23, 2013
17 TRUST; NANCY MCGEHEE
   STEWART, AS TRUSTEE OF THE
18 NANCY DUCKETT BRANTLY
   TRUST; ESTATE OF RHEA L.
19 DUCKETT, DECEASED; and DOES 1
   through 10, inclusive,
20
21
              Defendants.
22
   JOHN W. DUCKET AS TRUSTEE OF
23 THE ALFRED C. DUCKETT, JR.
   TRUST; NANCY MCGEHEE OF THE
24 NANCY DUCKET BRANTLY TRUST;
   ESTATE OF RHEA L. DUCKET,
25 DECEASED,
26
              Third-Party Plaintiffs,
27
      v.
28

---

                              1

PWS, INC.; CRAIG JACKSON;
LEONARD KESSLER; IRENE WHITE;
HYUNG CHOI; YANG CHOI; CHUL
HWANG; SUN J. HWANG; BYUNG
HA WOO; JUNG SOOK WOO; LEE
HWAM KIM; KYUNG HEUI KIM; and
DOES 1 through 10, inclusive,

Third-Party Defendants.

Third-Party Defendants Byung Ha Woo and Jung Sook Woo (collectively, "Mr. and Mrs. Woo") answer the Third-Party Complaint for Cost Recovery; Contribution; Equitable Indemnity; Breach of Contract; Negligence; Declaratory Relief; and Damages ("Third-Party Complaint") filed by Defendants John W. Duckett as trustee of the Alfred C. Duckett Jr. Trust, Nancy McGehee Stewart as trustee of the Nancy Duckett Brantly Trust, and the Estate of Rhea L. Duckett, deceased (collectively, "Ducketts") as follows:

1.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis deny them.

2.     Paragraph 2 sets forth legal conclusions to which no response is required.

3.     Paragraph 3 sets forth legal conclusions to which no response is required.

4.     Paragraph 4 sets forth legal conclusions to which no response is required.

5.     Paragraph 5 sets forth legal conclusions to which no response is required.

6.     Paragraph 6 sets forth legal conclusions to which no response is required.

/ / /

ANSWER TO THIRD-PARTY COMPLAINT

7.      Paragraph 7 sets forth legal conclusions to which no response is required.

8.      Paragraph 8 sets forth legal conclusions to which no response is required.

9.      Paragraph 9 sets forth legal conclusions to which no response is required.

10.      Paragraph 10 sets forth legal conclusions to which no response is required.

11.      Mr. and Mrs. Woo admit that Chul and Sun J. Hwang are married individuals who operated a dry cleaning business called Rio Vista Cleaners at or near 2811 E. Lincoln Avenue in Anaheim, California, at some time in the late 1970s or early 1980s.  Except as expressly admitted, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis deny them.

12.      Mr. and Mrs. Woo admit that they are married individuals who operated a dry cleaning business called Rio Vista Cleaners at or near 2811 E. Lincoln Avenue in Anaheim, California, at some time in the 1980s.  Except as expressly admitted, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny them.

13.      Mr. and Mrs. Woo admit that Lee Hwan and Kyung Heui Kim operated a dry cleaning business called Rio Vista Cleaners at or near 2811 E. Lincoln Avenue in Anaheim, California, at some time during the 1980s.  Except as expressly admitted, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis deny them.

/ / /

/ / /

ANSWER TO THIRD-PARTY COMPLAINT

14.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 14 and on that basis deny them.

15.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 15 and on that basis deny them.

16.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 16 and on that basis deny them.

17.     Mr. and Mrs. Woo admit that there were dry cleaning and coin-operated laundry businesses located at or near 2811 E. Lincoln Avenue, Anaheim, California, in operation from the late 1970s to the 1980s.  Except as expressly admitted, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis deny them.

18.     Mr. and Mrs. Woo admit that they operated a dry cleaning business located at or near 2811 E. Lincoln Avenue, Anaheim, California, in the 1980s.  Except as expressly admitted, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis deny them.

19.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis deny them.

20.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis deny them.

21.     Mr. and Mrs. Woo admit that Chul and Sun J. Hwang operated a dry cleaning business at or near 2811 E. Lincoln Avenue in Anaheim, California, at some time in the late 1970s or early 1980s.  Except as expressly admitted, Mr.

ANSWER TO THIRD-PARTY COMPLAINT

and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis deny them.

22.     Mr. and Mrs. Woo admit that they operated a dry cleaning business located at or near 2811 E. Lincoln Avenue, Anaheim, California, in the 1980s.  Except as expressly admitted, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis deny them.

23.     Mr. and Mrs. Woo admit that Lee Hwan and Kyung Heui Kim operated a dry cleaning business at or near 2811 E. Lincoln Avenue in Anaheim, California, at some time during the 1980s.  Except as expressly admitted, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis deny them.

24.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis deny them.

25.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis deny them.

26.     Mr. and Mrs. Woo deny the allegations of Paragraph 26 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis deny them.

27.     Mr. and Mrs. Woo deny the allegations of Paragraph 27 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny them.

/ / /

/ / /

ANSWER TO THIRD-PARTY COMPLAINT

28.   Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis deny them.

29.   Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis deny them.

30.   Mr. and Mrs. Woo deny the allegations of Paragraph 30 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis deny them.

31.   Mr. and Mrs. Woo deny the allegations of Paragraph 31 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny them.

32.   Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny them.

33.   Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny them.

34.   Mr. and Mrs. Woo deny the allegations of Paragraph 34 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny them.

35.   Mr. and Mrs. Woo repeat their responses to Paragraphs 1 through 34.

36.   Paragraph 36 sets forth legal conclusions to which no response is required.

ANSWER TO THIRD-PARTY COMPLAINT

37.     Paragraph 37 sets forth legal conclusions to which no response is required.

38.     Paragraph 38 sets forth legal conclusions to which no response is required.

39.     Mr. and Mrs. Woo deny the allegations of Paragraph 39 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis deny them.

40.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis deny them.

41.     Mr. and Mrs. Woo deny the allegations of Paragraph 41 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis deny them.

42.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis deny them.

43.     Mr. and Mrs. Woo repeat their responses to Paragraphs 1 through 42.

44.     Paragraph 44 sets forth legal conclusions to which no response is required.

45.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis deny them.

46.     Mr. and Mrs. Woo deny the allegations of Paragraph 46 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.

ANSWER TO THIRD-PARTY COMPLAINT

1  Woo lack knowledge or information sufficient to form a belief as to the truth of the
2  allegations in Paragraph 46 and on that basis deny them.

3        47.    Mr. and Mrs. Woo deny the allegations of Paragraph 47 to the
4  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
5  Woo lack knowledge or information sufficient to form a belief as to the truth of the
6  allegations in Paragraph 47 and on that basis deny them.

7        48.    Mr. and Mrs. Woo repeat their responses to Paragraphs 1
8  through 47.

9        49.    Paragraph 49 sets forth legal conclusions to which no response
10  is required.

11        50.    Mr. and Mrs. Woo deny the allegations of Paragraph 50 to the
12  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
13  Woo lack knowledge or information sufficient to form a belief as to the truth of the
14  allegations in Paragraph 50 and on that basis deny them.

15        51.    Mr. and Mrs. Woo lack knowledge or information sufficient to
16  form a belief as to the truth of the allegations in Paragraph 51 and on that basis
17  deny them.

18        52.    Mr. and Mrs. Woo lack knowledge or information sufficient to
19  form a belief as to the truth of the allegations in Paragraph 52 and on that basis
20  deny them.

21        53.    Mr. and Mrs. Woo lack knowledge or information sufficient to
22  form a belief as to the truth of the allegations in Paragraph 53 and on that basis
23  deny them.

24        54.    Mr. and Mrs. Woo deny the allegations of Paragraph 54 to the
25  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
26  Woo lack knowledge or information sufficient to form a belief as to the truth of the
27  allegations in Paragraph 54 and on that basis deny them.
28  / / /

8
ANSWER TO THIRD-PARTY COMPLAINT

55.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis deny them.

56.     Mr. and Mrs. Woo repeat their responses to Paragraphs 1 through 55.

57.     Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis deny them.

58.     Mr. and Mrs. Woo deny the allegations of Paragraph 58 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis deny them.

59.     Mr. and Mrs. Woo deny the allegations of Paragraph 59 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis deny them.

60.     Mr. and Mrs. Woo repeat their responses to Paragraphs 1 through 59.

61.     Mr. and Mrs. Woo deny the allegations of Paragraph 61 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis deny them.

62.     Mr. and Mrs. Woo deny the allegations of Paragraph 62 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis deny them.

63.     Mr. and Mrs. Woo deny the allegations of Paragraph 63 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.

ANSWER TO THIRD-PARTY COMPLAINT

1  Woo lack knowledge or information sufficient to form a belief as to the truth of the
2  allegations in Paragraph 63 and on that basis deny them.

3          64.     Mr. and Mrs. Woo deny the allegations of Paragraph 64 to the
4  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
5  Woo lack knowledge or information sufficient to form a belief as to the truth of the
6  allegations in Paragraph 64 and on that basis deny them.

7          65.     Mr. and Mrs. Woo repeat their responses to Paragraphs 1
8  through 64.

9          66.     Mr. and Mrs. Woo deny the allegations of Paragraph 66 to the
10  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
11  Woo lack knowledge or information sufficient to form a belief as to the truth of the
12  allegations in Paragraph 66 and on that basis deny them

13          67.     Mr. and Mrs. Woo deny the allegations of Paragraph 67 to the
14  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
15  Woo lack knowledge or information sufficient to form a belief as to the truth of the
16  allegations in Paragraph 67 and on that basis deny them

17          68.     Mr. and Mrs. Woo deny the allegations of Paragraph 68 to the
18  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
19  Woo lack knowledge or information sufficient to form a belief as to the truth of the
20  allegations in Paragraph 68 and on that basis deny them

21          69.     Mr. and Mrs. Woo deny the allegations of Paragraph 69 to the
22  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
23  Woo lack knowledge or information sufficient to form a belief as to the truth of the
24  allegations in Paragraph 69 and on that basis deny them

25          70.     Mr. and Mrs. Woo deny the allegations of Paragraph 70 to the
26  extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs.
27  Woo lack knowledge or information sufficient to form a belief as to the truth of the
28  allegations in Paragraph 70 and on that basis deny them.

ANSWER TO THIRD-PARTY COMPLAINT

71.     Mr. and Mrs. Woo deny the allegations of Paragraph 71 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis deny them.

72.     Mr. and Mrs. Woo repeat their responses to Paragraphs 1-71.

73.     Mr. and Mrs. Woo deny the allegations of Paragraph 73 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis deny them.

74.     Mr. and Mrs. Woo deny the allegations of Paragraph 74 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis deny them

75.     Mr. and Mrs. Woo deny the allegations of Paragraph 75 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis deny them.

76.     Mr. and Mrs. Woo deny the allegations of Paragraph 76 to the extent they pertain to Mr. and Mrs. Woo.  Except as expressly stated, Mr. and Mrs. Woo lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis deny them.

77.     Mr. and Mrs. Woo repeat their responses to Paragraphs 1-76.

78.     Paragraph 78 sets forth legal conclusions to which no response is required.

79.     Mr. and Mrs. Woo admit the allegations of Paragraph 79

80.     Mr. and Mrs. Woo admit the allegations of Paragraph 80.

/ / /

/ / /

ANSWER TO THIRD-PARTY COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST AFFIRMATIVE DEFENSE

### (Not an "Owner or Operator")

Mr. and Mrs. Woo are not liable to the Ducketts because Mr. and Mrs. Woo are and were not an "owner or operator" within the meaning of CERCLA § 101(20), 42 U.S.C. § 9601(20).

## SECOND AFFIRMATIVE DEFENSE

### (Did Not Own or Operate at Time of Alleged Disposal)

Mr. and Mrs. Woo are not liable to the Ducketts because Mr. and Mrs. Woo were not "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were [allegedly] disposed of" within the meaning of CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2).

## THIRD AFFIRMATIVE DEFENSE

### (No Release or Threat of Release)

Mr. and Mrs. Woo are not liable to the Ducketts because there is and was no release or threat of release of any alleged hazardous substances from any facility for which Mr. and Mrs. Woo may be held liable, pursuant to CERCLA § 101(22), 42 U.S.C. § 9601(22).

## FOURTH AFFIRMATIVE DEFENSE

### (No Costs Incurred by the Ducketts)

Mr. and Mrs. Woo are not liable to the Ducketts because any costs alleged by the Ducketts were not "incurred by" the Ducketts, pursuant to CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).

## FIFTH AFFIRMATIVE DEFENSE

### (Act of God)

Mr. and Mrs. Woo are not liable to the Ducketts because the alleged release or threat of release of a hazardous substances and the alleged damages

1  resulting therefrom were caused solely by an act of God, pursuant to CERCLA §
2  107(b)(1), 42 U.S.C. § 9607(b)(1).

3  ### SIXTH AFFIRMATIVE DEFENSE

4  (Act of Third-Party)

5  Mr. and Mrs. Woo are not liable to the Ducketts because the alleged
6  release or threat of release of a hazardous substance and the alleged damages
7  resulting therefrom were caused solely by an act or omission of a third-party,
8  pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3).

9  ### SEVENTH AFFIRMATIVE DEFENSE

10  (Inconsistency with NCP)

11  Mr. and Mrs. Woo are not liable for the Ducketts' alleged costs and/or
12  damages because those costs and/or damages, if any, were not incurred consistent
13  with the National Contingency plan, pursuant to CERCLA § 107(a)(4)(A)-(B), 42
14  U.S.C. § 9607(a)(4)(A)-(B).

15  ### EIGHTH AFFIRMATIVE DEFENSE

16  (Unnecessary Costs)

17  Some or all costs alleged in the Third-Party Complaint were not
18  "necessary costs of response" as required by CERCLA § 107(a), 42 U.S.C.
19  §9607(a), and Mr. and Mrs. Woo are not liable for any such costs that were not
20  "necessary costs."

21  ### NINTH AFFIRMATIVE DEFENSE

22  (Not Response Costs)

23  Some or all costs alleged in the Third-Party Complaint do not
24  constitute response costs within the meaning of section 101(25) of CERCLA, 42
25  U.S.C. § 9601(25), and are therefore not recoverable.
26  / / /
27  / / /
28  / / /

ANSWER TO THIRD-PARTY COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

### (Not Removal or Remedial Action Costs)

Some or all costs alleged in the Third-Party Complaint do not constitute removal or remedial costs within the meaning of sections 101(23) and 101(24) of CERCLA, 42 U.S.C. § 9601(23)-(24), and are therefore not recoverable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Not a "Facility")

Mr. and Mrs. Woo are not liable to the Ducketts because the site of the alleged release or threatened release is not a "facility" as defined in CERCLA § 101(9), 42 U.S.C. § 9601(9).

## TWELFTH AFFIRMATIVE DEFENSE

### (Not "Hazardous Substances")

Mr. and Mrs. Woo are not liable to the Ducketts for the alleged release or threatened release of perchlorate because the alleged contaminants at the Property are not "hazardous substances" as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) or "hazardous wastes" as defined in RCRA § 1004(5), 42 U.S.C. § 6903(5).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Allocation)

The Ducketts' claims for damages should be reduced in accordance with those factors recognized under CERCLA § 113(f), 42 U.S.C. § 9613(f), for allocation of costs and damages among the parties by virtue of the "Gore Factors" and other equitable considerations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (De Minimus Harm)

The contribution of Mr. and Mrs. Woo to the alleged contamination, if any, was de minimus.

1  **FIFTEENTH AFFIRMATIVE DEFENSE**

2  (Divisibility of Harm)

3  Joint and several liability cannot be imposed on Mr. and Mrs. Woo

4  because their contribution to the alleged contamination, if any, is divisible from

5  that of others.

6  **SIXTEENTH AFFIRMATIVE DEFENSE**

7  (Failure to Give Notice to EPA and Attorney General)

8  The Ducketts' claims are barred because The Ducketts failed to provide

9  a copy of the Third-Party Complaint to the Attorney General of the United States and

10  to the Administrator of the Environmental Protection Agency pursuant to CERCLA

11  § 113(l), 42 U.S.C. § 9613(l).

12  **SEVENTEENTH AFFIRMATIVE DEFENSE**

13  (Preemption)

14  The Ducketts may not seek recovery of costs of response to or cleanup

15  of environmental contamination under state common law, because the federal

16  CERCLA preempts recovery of such costs in the absence of compliance with the

17  NCP, and recovery of such costs would conflict with the standards of a "CERCLA-

18  quality cleanup" and thus stand as "an obstacle to the accomplishment and

19  execution of the full purposes and objectives of Congress" in enacting CERCLA.

20  *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 941-43 (9th Cir. 2002).

21  **EIGHTEENTH AFFIRMATIVE DEFENSE**

22  (No Joint and Several Liability)

23  Mr. and Mrs. Woo are not jointly and severally liable to the Ducketts

24  because the Ducketts are each a "covered person" who owns and/or operates

25  facilities, owned and/or operated facilities at the time of disposal of alleged

26  hazardous substances, arranged for the transportation of alleged hazardous

27  substances for disposal or treatment, and/or accepted alleged hazardous substances

28

1   for transportation to treatment and/or disposal facilities, meeting the statutory
2   criteria set forth in CERCLA § 107(a)(1)-(4), 42 U.S.C. § 9607(a)(1)-(4).

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Conditions Precedent)

5         Mr. and Mrs. Woo are not liable to the Ducketts because the Ducketts
6   failed to perform the necessary conditions precedent under the alleged contract.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure of Consideration)

9         Mr. and Mrs. Woo are not liable to the Ducketts because the alleged
10  contract lacked consideration.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Mutual Mistake)

13        Mr. and Mrs. Woo are not liable to the Ducketts because the alleged
14  contract is void by reason of mutual mistake.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Ratification)

17        Whittaker alleges that its performance was ratified, consented to,
18  acquiesced, and/or excused due to the Ducketts or its agents, assigns, and/or
19  employees' conduct, actions, and/or failures to act.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Cause in Fact)

22        No act or omission of Mr. and Mrs. Woo or by any person or entity
23  for which Mr. and Mrs. Woo may be responsible was the cause in fact of any
24  damages alleged in the Third-Party Complaint.

25  / / /
26  / / /
27  / / /
28  / / /

ANSWER TO THIRD-PARTY COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Proximate Cause)

No act or omission of Mr. and Mrs. Woo or by any person or entity for which Mr. and Mrs. Woo may be responsible was the proximate cause of any damages alleged in the Third-Party Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Superseding Cause)

Any act or omission of Mr. and Mrs. Woo was not a substantial factor in bringing about the alleged injuries and damages and was not a contributing cause thereof, but was superseded by the acts and omissions of third parties, which were independent, intervening, and the proximate cause of any damages complained of the Ducketts.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Lack of Legal Duty)

The Third-Party Complaint fails to allege facts sufficient to establish a legal duty on the part of Mr. and Mrs. Woo.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

Mr. and Mrs. Woo allege that the Ducketts had knowledge of the risks necessarily incident to matters alleged in the Third-Party Complaint, and that if the Ducketts have suffered injuries or is entitled to any damages as alleged in the Third-Party Complaint, which is expressly denied, those injuries and/or damages arose from and were caused by said risks knowingly and voluntarily assumed by the Ducketts.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Contributory and Comparative Negligence)

Any and all injury or damages were caused, in whole or in part, by the Ducketts's own negligence, carelessness, lack of due care and fault, or by the

negligence, carelessness, lack of due care and fault of the Ducketts's predecessors in interest, their agents, employees or tenants and/or third parties, excluding Mr. and Mrs. Woo.  Accordingly, the Third-Party Complaint, and each claim therein, is barred, in whole or in part, by the Ducketts's contributory or comparative fault.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Third-Party Complaint, and each claim therein, fails to state a claim against Mr. and Mrs. Woo upon which relief may be sought.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Standing)

Mr. and Mrs. Woo are not liable to the Ducketts because the Ducketts lacks standing.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Actions Authorized by Law)

Mr. and Mrs. Woo are not liable to the Ducketts because Mr. and Mrs. Woo's acts and/or omissions were authorized by statute, regulation, ordinance, or other law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Compliance with Laws)

Mr. and Mrs. Woo are not liable to the Ducketts because Mr. and Mrs. Woo's acts and/or omissions were in accordance with all applicable statutes, regulations, ordinances, or other laws.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Join Indispensable Parties)

The Third-Party Complaint is barred by the Ducketts's failure to join indispensable parties.

/ / /

/ / /

ANSWER TO THIRD-PARTY COMPLAINT

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Release or Waiver)

The Third-Party Complaint, and each claim therein, is barred, in whole or in part, by the doctrines of express or implied release or waiver.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Third-Party Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The Third-Party Complaint, and each claim therein, is barred by the equitable doctrine of laches because of the unreasonable and prejudicial delay by the Ducketts in filing this action.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Undue Delay)

The Ducketts have, contrary to its legal and equitable obligations, failed to take effective action to abate the hazards alleged in the Third-Party Complaint for several years, a delay that has enormously increased the alleged costs of abatement, resulting in great prejudice to Mr. and Mrs. Woo.  Given this delay on the part of the Ducketts, an award of equitable injunctive relief against Mr. and Mrs. Woo would be inappropriate and inequitable.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Third-Party Complaint, and each claim therein, is barred, in whole or in part, by the Ducketts's failure to mitigate any alleged damages.

/ / /

/ / /

/ / /

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Set-Off)

Mr. and Mrs. Woo are entitled to an offset against any liability for the greater of (1) any amounts actually paid by any person for any of the costs and/or damages alleged in the Third-Party Complaint, or (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Third-Party Complaint.

### FORTIETH AFFIRMATIVE DEFENSE

(Contribution or Indemnity)

Mr. and Mrs. Woo are entitled, according to proof, to contribution or indemnity from the Ducketts in this action pursuant to CERCLA and common law, and such contribution or indemnity would offset or eliminate any liability of Mr. and Mrs. Woo.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Estoppel)

The Third-Party Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of estoppel.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Third-Party Complaint, and each claim alleged therein, is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, & 343.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(No Retroactive Liability Under the HSAA)

Mr. and Mrs. Woo are not liable to the Ducketts for any acts or omissions that occurred prior to January 1, 1982, pursuant to *California Health & Safety Code* § 25366.

ANSWER TO THIRD-PARTY COMPLAINT

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

The Third-Party Complaint does not describe its claims or events with sufficient particularity to allow Mr. and Mrs. Woo to ascertain what other affirmative defenses may exist, and Mr. and Mrs. Woo therefore reserves the right to assert all affirmative defenses which may pertain to the Third-Party Complaint once the precise nature of the claims is ascertained.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Reliance upon Co-Defendants' Defenses)

Mr. and Mrs. Woo intend to rely upon and hereby assert any defense asserted by other third-party defendants.

WHEREFORE, Mr. and Mrs. Woo pray for judgment as follows:

1. That the Ducketts take nothing by reason of the Third-Party Complaint;

2. That judgment be entered for Mr. and Mrs. Woo and against the Ducketts;

3. That Mr. and Mrs. Woo recover their attorneys' fees, costs, and litigation expenses, to the extent permitted; and

4. For such other and further relief as this Court deems just and proper.

DATED:     March 18, 2014          DONGELL LAWRENCE FINNEY LLP

By: _____
          Matthew Clark Bures
          Michael E. Gallagher
          Attorneys for Third-Party Defendants
          BYUNG HA WOO & JUNG SOOK WOO

21

1   DEMAND FOR JURY TRIAL

2          Mr. and Mrs. Woo hereby demand a trial by jury of any and all claims

3   and issues triable of right by a jury.

4

5   DATED:     March 18, 2014          DONGELL LAWRENCE FINNEY LLP

6

7                                      By: _____

8                                          Matthew Clark Bures
                                           Michael E. Gallagher
9                                          Attorneys for Third-Party Defendants
                                           BYUNG HA WOO & JUNG SOOK WOO
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO THIRD-PARTY COMPLAINT

1

## PROOF OF SERVICE VIA ECF FILE & SERVE

2

3        I, Sheryl R. Douglas declare:

4

5        I am employed in the County of Los Angeles, State of California. I am over

6  the age of 18 and not a party to the within action; my business address is 707

7  Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609. On March 18,

8  2014, I served a copy of the foregoing document on the date set forth below,

9  described as follows: **ANSWER TO THIRD-PARTY COMPLAINT**

10  By:    [X]    Filing and serving directly through ECF/Pacer at the USDC – Central

11  District of California website at: https://ecf.cand.uscourts.gov.

12

13        I declare under penalty of perjury under the laws of the United States of

14  America that the foregoing is true and correct and that this declaration was

15  executed on March 18, 2014, in Los Angeles, California.

16

17                                             _____
                                                      Sheryl R. Douglas
18

19

20

21

22

23

24

25

26

27

28

23
ANSWER TO THIRD-PARTY COMPLAINT

## SERVICE LIST

*Monterra Investments, L.P. v. John W. Duckett, etc., eta l..*
United States District Court, Central District, Case No. 8:13-cv-01487-GW (RNBx)

Albro L. Lundy, III
BAKER BURTON & LUNDY PC
515 Pier Avenue
Hermosa Beach, CA 90254-3889
Phone: 310-376-9893
Facsimile: 310-376-7483
Email: albro@bakerburtonlundy.com

**ATTORNEYS FOR PLAINTIFF**
Monterra Investment LP
a California Limited Partnership

E. Thomas Moroney
LAW OFFICES OF E THOMAS MORONEY
811 North Catalina Ave., Suite 2206
Redondo Beach, CA 90277
Phone: 310-318-1400
Facsimile: 310-318-1490 (fax)
Email: tom.moroney@verizon.net

Thomas M. Donnelly
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104-21500
Phone: 415-626-3939
Facsimile: 415-875-5700 (fax)
Email: tmdonnelly@jonesday.com

**ATTORNEYS FOR DEFENDANTS**
John W Duckett, as Trustee of The Alfred C. Duckett, Jr. Trust; Estate of Rhea L Duckett, Deceased; Nancy McGehee Stewart

**ATTORNEYS FOR THIRD-PARTY PLAINTIFFS**
John W Duckett, as Trustee of The Alfred C. Duckett, Jr. Trust; Estate of Rhea L Duckett, Deceased; Nancy Duckett Brantly Trust; Nancy McGehee Stewart

Marc S. Hurd
TIEDT AND HURD
980 Montecito Dr., Suite 209
Corona, CA 92879
Phone: 951-549-9400
Facsimile: 951-549-9800 (fax)
Email: mhurd@tiedtlaw.com

**ATTORNEYS FOR THIRD-PARTY PLAINTIFFS**
Chul Hwang; and Sun J. Hwang

ANSWER TO THIRD-PARTY COMPLAINT

Donald Jeffrey Hamman
STUART KANE LLP
620 Newport Center Dr., Suite 200
Newport Beach, CA 92660
Phone: 949-791-5100
Facsimile: 949-791-5200 (fax)
Email: dhamman@stuartkane.com

**ATTORNEYS FOR THIRD-
PARTY PLAINTIFFS**
Leonard Kessler

David S Greenseid
Law Offices of David S Greenseid
630 North San Mateo Dr.
San Mateo, CA 94401
Phone: 650-570-7878
Facsimile: 650-403-1849 (fax)
Email: davidg2@ix.netcom.com

**ATTORNEYS FOR THIRD-
PARTY PLAINTIFFS**
PWS, Inc.

1562-160/83090

ANSWER TO THIRD-PARTY COMPLAINT