Jeffery L. Caufield (SBN 166524)
jeff@caufieldjames.com
Santino M. Tropea (SBN 249215)
santino@caufieldjames.com
CAUFIELD & JAMES, LLP
2851 Camino Del Rio South, Suite 410
San Diego, California 92108
Telephone: (619) 325-0441
Facsimile: (619) 325-0231

Attorneys for Third-Party Defendants
Lee Hwan Kim and Kyung Heui Kim

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTERRA INVESTMENT L.P., a California Limited Partnership, | Case No. 8:13-cv-01487-GW-RNB |
| Plaintiff, | (Assigned for all purposes to Hon. George H. Wu) |
| v. | **ANSWER TO THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES OF LEE HWAN KIM AND KYUNG HEUI KIM** |
| JOHN W. DUCKETT AS TRUSTEE OF THE ALFRED C. DUCKETT, JR. TRUST; NANCY DUCKETT BRANTLY TRUST; ESTATE OF RHEA L. DUCKETT, DECEASED; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| JOHN W. DUCKETT AS TRUSTEE OF THE ALFRED C. DUCKETT, JR. TRUST; NANCY MCGEHEE STEWART AS TRUSTEE OF THE NANCY DUCKETT BRANTLY TRUST; ESTATE OF RHEA L. DUCKETT, DECEASED, | |
| Third-Party Plaintiffs, | |
| v. | |
| PWS, INC.; CRAIG JACKSON; LEONARD KESSLER; IRENE WHITE; HYUNG CHOI; YANG CHOI; CHUL HWANG; SUN J. HWANG; BYUNG HA WOO; JUNG SOOK WOO; LEE HWAN KIM; KYUNG HEUI KIM; and DOES 1 through 10, inclusive, | |
| Third-Party Defendants. | |

LEE HWAN KIM and KYUNG HEUI KIM (hereinafter "Kims"), hereby answer the Third-Party Complaint of Defendants and Third-Party Plaintiffs JOHN W. DUCKETT AS TRUSTEE OF THE ALFRED C. DUCKETT, JR. TRUST; NANCY MCGEHEE STEWART AS TRUSTEE OF THE NANCY DUCKETT BRANTLY TRUST; and the ESTATE OF RHEA L. DUCKETT (hereinafter "Third-Party Plaintiffs") as follows:

**INTRODUCTION**

1.     The Kims admit that the Plaintiff Monterra Investment, L.P's complaint speaks for itself. To the extent Third Party-Plaintiffs' allegations in said paragraph contain legal conclusions, no response is required. The Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

**JURISDICTION AND VENUE**

2.     Third Party-Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

3.     Third Party-Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

4.     Third Party-Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

**PARTIES**

5.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

6.      The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

7.      The Kims admit that the Plaintiff Monterra Investment, L.P's complaint speaks for itself. The Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

8.      The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

9.      The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

10.      The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

11.      The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

12.      The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

13.      The Kims admit they were at one time a tenant at the site located at 2811 East Lincoln Avenue in Anaheim, California between approximately 1985 and 1997 during part or all of which time they operated a dry cleaning business. Except as stated herein, the Kims deny each and every allegation contained in said paragraph.

14.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

15.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

16.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

<div align="center">

**FACTS**

</div>

17.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

18.     The Kims admit they were at one time a tenant at the site located at 2811 East Lincoln Avenue in Anaheim, California between approximately 1985 and 1997 during part or all of which time they operated a dry cleaning business. Except as stated herein, the Kims deny each and every allegation contained in said paragraph.

19.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

20.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

21.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

22.   The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

23.   The Kims admit they were at one time a tenant at the site located at 2811 East Lincoln Avenue in Anaheim, California between approximately 1985 and 1997 during part or all of which time they operated a dry cleaning business. Except as stated herein, the Kims deny each and every allegation contained in said paragraph.

24.   The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

25.   The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

26.   The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

27.   The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

28.   The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

29.   The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

30.   The Kims deny each and every allegation in said paragraph.

31.   The Kims deny each and every allegation in said paragraph.

32.    The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

33.    The Kims admit that the Plaintiff Monterra Investment, L.P's complaint speaks for itself. The Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

34.    The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Cost Recovery Under CERCLA g 107(a)

### (Against All Third-party Defendants)

35.    In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

36.    Third-Party Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

37.    Third-Party Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

38.    Third-Party Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

39.    The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient

knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

40.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

41.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

42.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

<div align="center">

**SECOND CLAIM FOR RELIEF**

**Contribution Under CERCLA §113(f)**

**(Against All Third-party Defendants)**

</div>

43.     In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

44.     Third-Party Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

45.     The Kims admit that the Plaintiff Monterra Investment, L.P's complaint speaks for itself. The Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

46.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

47.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

<div align="center">

**THIRD CLAIM FOR RELIEF**

**Contribution or Indemnity Under California Hazardous Substance**

**Account Act**

**(Against All Third-party Defendants)**

</div>

48.     In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

49.     Third-Party Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

50.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

51.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

52.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

53.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

54.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

55.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

## FOURTH CLAIM FOR RELIEF

### Equitable Indemnity and Contribution Under California Law

### (Against All Third-party Defendants)

56.     In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

57.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

58.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

59.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

## FIFTH CLAIM FOR RELIEF

### Express Contractual Indemnity

### (Against All Third-party Defendants)

60.     In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

61.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

62.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

63.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

64.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

### SIXTH CLAIM FOR RELIEF

### Breach of Contract

### (Against All Third-party Defendants)

65.    In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

66.    The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

67.    The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

68.    The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

69.    The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

70.    The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

71.     The Kims are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

### SEVENTH CLAIM FOR RELIEF

### Negligence

### (Against All Third-party Defendants)

72.     In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

73.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

74.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

75.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

76.     The Kims deny each and every allegation in said paragraph as it pertains to the Kims. As pertaining to other parties, the Kims are without sufficient knowledge or information as to the remaining allegations to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny the allegations contained therein.

**EIGHTH CLAIM FOR RELIEF**

**Declaratory Relief**

**(Against All Third-party Defendants)**

77.   In answer to said paragraph, the Kims incorporate by reference their responses to all paragraphs identified herein.

78.   Third-Party Plaintiffs' allegations in said paragraph contain legal conclusions to which no response is required. To the extent a response is required, the Kims deny such allegations.

79.   The Kims admit that a dispute exists with respect to the Kims' liability under CERCLA, HSAA and other law as alleged by Third-Party Plaintiffs. Except as stated herein, the Kims deny each and every allegation contained in said paragraph.

80.   The Kims admit that a dispute exists with respect to the Kims' liability under CERCLA, HSAA and other law as alleged by Third-Party Plaintiffs. Except as stated herein, the Kims deny each and every allegation contained in said paragraph.

**<u>PRAYER FOR RELIEF</u>**

The remaining paragraphs of the Third Party Complaint consist of the Third-Party Plaintiffs' Prayer for Relief as to which no response is required. Insofar as a response is required, the Kims deny that Third-Party Plaintiffs are entitled to any relief from or relating to the Kims.

/

/

/

/

/

/

/

1    **AFFIRMATIVE DEFENSES**

2    **FIRST AFFIRMATIVE DEFENSE**

3    **(Failure to State a Claim)**

4    As a separate and distinct affirmative defense to the Third-Party Complaint

5    and to each cause of action contained therein, each alleged cause of action fails to

6    state a claim upon which relief may be granted.

7    **SECOND AFFIRMATIVE DEFENSE**

8    **(Estoppel)**

9    As a separate and distinct affirmative defense to the Third-Party Complaint

10   and to each cause of action contained therein, Third-Party Plaintiffs are estopped

11   from seeking the relief prayed for in the Third-Party Complaint.

12   **THIRD AFFIRMATIVE DEFENSE**

13   **(Failure to Mitigate)**

14   As a separate and distinct affirmative defense to the Third-Party Complaint

15   and to each cause of action contained therein, the Kims are informed and believe,

16   and on that basis allege, that Plaintiff Monterra and/or Third-Party Plaintiffs have

17   failed to properly mitigate their alleged damages, if any.

18   **FOURTH AFFIRMATIVE DEFENSE**

19   **(Release or Waiver)**

20   As a separate and distinct affirmative defense to the Third-Party Complaint

21   and to each cause of action contained therein, the Kims are informed and believe,

22   and on that basis allege, that Third-Party Plaintiffs are barred by the doctrines of

23   express or implied release or waiver.

24   **FIFTH AFFIRMATIVE DEFENSE**

25   **(Statute of Limitations)**

26   As a separate and distinct affirmative defense to the Third-Party Complaint

27   and to each cause of action contained therein, the Third-Party Complaint is barred,

28   in whole or in part, by the applicable statutes of limitations, including but not

limited to, California Code of Civil Procedure §§ 337.1, 337.15, 338 and 42 U.S.C. § 9601 et seq.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, Third-Party Plaintiffs' claims for relief are barred, in whole or in part, as against the Kims, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Repose)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are informed and believe, and on that basis allege, that Third-Party Plaintiffs' claims as against the Kims are barred, in whole or in part, by the Statutes of Repose under the laws of the State of California.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the claims for relief are barred, in whole or in part, as against the Kims, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the claims for relief are barred, in whole or in part, as against the Kims, because the Kims did not cause Third-Party Plaintiffs to suffer any damages, in any amount whatsoever.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TENTH AFFIRMATIVE DEFENSE

### (Indispensable Parties)

As a separate and distinct affirmative defense to the Third-Party Complaint, and to each cause of action contained therein, the claims for relief are barred, in whole or in part, as against the Kims, because Third-Party Plaintiffs have failed to join all essential parties.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, without conceding that any act of the Kims caused damage to Third-Party Plaintiffs or any other person in any respect, the Kims allege that they are entitled to offset and recoupment against any judgment that may be entered against them.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, without conceding that any act of the Kims caused damage to Third-Party Plaintiffs or any other person in any respect, the Kims allege that they are entitled to equitable indemnity against any judgment that may be entered against them.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Allocation)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, without conceding that any act of the Kims caused damage to Third-Party Plaintiffs or any other person in any respect, the Kims are not liable for any other person's fair, equitable, and/or proportionate share of any relief to which Plaintiff Monterra may be entitled. Monterra's claims

1   for response costs and damages should be reduced in accordance with CERCLA §

2   113(f), 42 U.S.C. § 9613(f) and/or other equitable considerations.

3   <center>**FOURTEENTH AFFIRMATIVE DEFENSE**</center>

4   <center>**(Contribution or Indemnity)**</center>

5   As a separate and distinct affirmative defense to the Third-Party Complaint

6   and to each cause of action contained therein, without conceding that any act of the

7   Kims caused damage to Third-Party Plaintiffs or any other person in any respect,

8   the Kims are entitled, according to proof, to contribution or indemnity from Third-

9   Party Plaintiffs or any other party pursuant to CERCLA and common law, and such

10  contribution or indemnity would offset or eliminate any liability of the Kims.

11  <center>**FIFTEENTH AFFIRMATIVE DEFENSE**</center>

12  <center>**(Standing)**</center>

13  As a separate and distinct affirmative defense to the Third-Party Complaint

14  and to each cause of action therein, the Kims allege that Third-Party Plaintiffs lack

15  the requisite standing to bring their claims.

16  <center>**SIXTEENTH AFFIRMATIVE DEFENSE**</center>

17  <center>**(Failure to Exhaust Administrative Remedies)**</center>

18  As a separate and distinct affirmative defense to the Third-Party Complaint

19  and to each cause of action contained therein, the Kims are informed and believe,

20  and on that basis allege, that Third-Party Plaintiffs' claims are barred, in whole or

21  in part, as they failed to exhaust their administrative remedies.

22  <center>**SEVENTEENTH AFFIRMATIVE DEFENSE**</center>

23  <center>**(Acts of Third Parties Under 42 U.S.C. § 9601 et seq.)**</center>

24  As a separate and distinct affirmative defense to the Third-Party Complaint

25  and to each cause of action contained therein, the Kims are informed and believe,

26  and on that basis allege, that Third-Party Plaintiffs' claims as against the Kims are

27  barred, in whole or in part, as the acts or omissions of third parties other than the

28  Kims were the sole cause of Third-Party Plaintiffs' injuries or damages, if any, and

<center>16</center>
<center>ANSWER TO THIRD-PARTY COMPLAINT</center>

the Kims took due care and precautions to prevent foreseeable acts or omissions caused by third parties, as set out under 42 U.S.C § 9601 et seq., and by equitable principles.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Acts of God Under 42 U.S.C. § 9601 et seq.)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are informed and believe, and on that basis allege, that Third-Party Plaintiffs' claims as against the Kims are barred, in whole or in part, as the alleged damages, if any, were caused by an act of God, constituting a complete defense pursuant to 42 U.S.C. § 9601 et seq.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Unnecessary Costs)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are informed and believe, and on that basis allege, that some or all costs alleged in the Third-Party Complaint are not "necessary costs of response" as required by CERCLA § 107(a), 42 U.S.C. § 9607(a). The Kims are not liable for any such costs that are not "necessary costs."

### TWENTIETH AFFIRMATIVE DEFENSE

### (De Minimis)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims allege that in the event that at any time mentioned in the Third-Party Complaint, the Kims were not in compliance with any statute or regulation described therein, which the Kims deny, any such instances of non-compliance were *de minimis*, both in absolute terms and relative to the contributions of damages alleged in the Third-Party Complaint, and therefore insufficient as a matter of law under the due process and equal protection rights guaranteed by the United States Constitution and pursuant to the *de minimis curat lex* doctrine to give rise to any liability.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Compliance with Statutory Authorities)**

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims allege that they are not liable for any acts or omissions undertaken by or at the direction or sufferance of any local, state, or federal authority, including, without limitation, acts or omissions made in accordance with any statutes, laws, or regulations applicable at the time the acts or omissions occurred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Actions Authorized by Law)**

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are not liable to Third-Party Plaintiffs because the Kims' acts and/or omissions were authorized by statute, regulation, ordinance, or other law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Right to Recovery For Divisible and Distinct Liability)**

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are not jointly and severally liable for any damage alleged in the Third-Party Complaint because any effect of any act or omission of the Kims is divisible and distinct from any compensable damage incurred by Third-Party Plaintiffs.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Response Costs)**

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the costs Plaintiff Monterra or Third-Party Plaintiffs seek to recover do not constitute response costs within the meaning of 42 U.S.C. § 9601 et seq.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Inconsistency With NCP)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are not liable to Third-Party Plaintiffs because Plaintiff Monterra's and/or Third-Party Plaintiffs' costs and/or damages, if any, were not incurred consistent with the National Contingency Plan.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Apportionment)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, whatever damage, injury, loss or expense may be, or may have been incurred by Plaintiff Monterra and/or Third-Party Plaintiffs under the circumstances and events alleged in the Third-Party Complaint was solely, directly and proximately caused, or alternatively, contributed to by the misconduct, negligence, or wrongful conduct of Plaintiff Monterra, Third-Party Plaintiffs, other defendants, and/or third parties whose identities are not now known to the Kims.  The Kims therefore request that in the event Third-Party Plaintiffs recover against the Kims, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties.  The Kims further request judgment and a declaration of indemnification and contribution against all those parties in accordance with the apportionment of fault.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are informed and believe, and on that basis allege, that Third-Party Plaintiffs' claims as against the Kims are barred, in whole or in part, because Third-Party Plaintiffs consented to the acts and omissions alleged in the Third-Party Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Legal Duty)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, Third-Party Plaintiffs fails to allege facts sufficient to establish a legal duty on the part of the Kims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

Third-Party Plaintiffs' damages, if any, were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control of, and unrelated to any conduct of, the Kims. The Kims' actions or omissions, if any, were superseded by the negligence and wrongful conduct of others.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Independent, Intervening, and/or Superseding Cause)

Any act or omission of the Kims was not a substantial factor in bringing about Plaintiff Monterra's or Third-Party Plaintiffs' alleged response costs or damages and was not a contributing cause thereof. If Plaintiff Monterra Third-Party Plaintiffs incurred response costs or damages, such response costs or damages were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which the Kims had no control and did not in any way participate in and for which the Kims are not liable.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Negligence)

The Kims are informed and believe, and on that basis allege, that if Plaintiff Monterra or Third-Party Plaintiffs sustained any damages as a result of the actions or omissions alleged, that such damages, if any, were caused and contributed to by the negligence of Plaintiff Monterra or Third-Party Plaintiffs, in that said parties failed to use reasonable care, and such negligence on their part constitutes a bar to

recovery, or, in the alternative, the recovery, if any, obtained should be reduced in proportion to the extent of such negligence.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are informed and believe, and on that basis allege, that Third-Party Plaintiffs had knowledge of the risks necessarily incident to matters alleged in the Third-Party Complaint, and that if Third-Party Plaintiffs has suffered any harm or is entitled to any damages as alleged in the Third-Party Complaint, which the Kims expressly deny, such harm and/or damages arose from or were caused by said risks knowingly and voluntarily assumed by Third-Party Plaintiffs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Voluntary Payment)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are not liable to Third-Party Plaintiffs because Plaintiff Monterra's and/or Third-Party Plaintiffs' costs and/or damages, if any, were incurred voluntarily.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Aggravation of Harm)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims are informed and believe, and on that basis allege, that if Plaintiff Monterra or Third-Party Plaintiffs sustained any damages as a result of the actions or omissions alleged, that such damages, if any, were aggravated by the actions or omissions of said parties, the other defendants, and/or unknown third parties.  Any recovery for such damages should be barred or reduced accordingly.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedies)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, Third-Party Plaintiffs' claim for equitable relief is barred, in whole or in part, as there exists an adequate remedy at law for damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Relative Hardship)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, Third-Party Plaintiffs' claim for injunctive relief is barred, in whole or in part, as the relative hardship to the Kims of abating any nuisance vastly outweighs the benefit, if any, to Third-Party Plaintiffs.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Barred by Law)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, Third-Party Plaintiffs' prayer for attorneys' fees is barred by law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Incorporation of All Applicable Defenses)

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims assert all applicable defenses within its answer to Third-Party Plaintiffs' complaint, as well as all applicable defenses pled by any other defendant to this action, and hereby incorporates the same herein by reference.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Reservation of Right to Assert Additional Defenses)**

As a separate and distinct affirmative defense to the Third-Party Complaint and to each cause of action contained therein, the Kims reserve the right to assert additional defenses which cannot now be articulated due to Third-Party Plaintiffs' failure to particularize their claims or due to the Kims' lack of knowledge of the circumstances surrounding Third-Party Plaintiffs' claims.  Upon further particularization of the claims by Third-Party Plaintiffs or upon discovery of further information concerning Third-Party Plaintiffs' claims, the Kims reserve the right to assert additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, the Kims demand for judgment as to the Third-Party Complaint as follows:

1.      That Third-Party Plaintiffs' complaint be dismissed with prejudice;

2.      That Third-Party Plaintiffs take nothing from the Kims by virtue of their complaint;

3.      That the Kims be awarded costs of suit and reasonable attorneys' fees against Third-Party Plaintiffs;

4.      For such other relief as this Court may deem just and proper.


DATED:  March 20, 2014                    Caufield & James, LLP

                                          */s/ Santino M. Tropea*
                                          Jeffery L. Caufield, Esq.
                                          Santino M. Tropea, Esq.
                                          Attorneys for Third-Party Defendants
                                          Lee Hwan Kim and Kyung Heui Kim