Edward Alberola (State Bar No. 243431)
ealberola@candclawyers.com
CARNO & CARLTON, LLP
24031 El Toro Rd., Suite 210
Laguna Hills, CA 92653
949-540-0320
949-540-0322 fax

Attorneys for Third-Party Defendant CRAIG JACKSON

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTERRA INVESTMENT L.P., a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>JOHN W. DUCKETT AS TRUSTEE OF THE ALFRED C. DUCKETT, JR. TRUST; NANCY DUCKETT BRANTLY TRUST, DECEASED; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:13-cv-01487-GW-(RNBx)<br><br>Assigned to Judge George Wu<br><br><br>**THIRD-PARTY DEFENDANT CRAIG JACKSON'S ANSWER TO THIRD-PARTY COMPLAINT OF JOHN W. DUCKETT AS TRUSTEE OF THE ALFRED C. DUCKETT, JR. TRUST, ET AL.** |
| JOHN W. DUCKETT AS TRUSTEE OF THE ALFRED C. DUCKETT, JR. TRUST, NANCY MCGEHEE STEWART AS TRUSTEE OF THE NANCY DUCKETT BRANTLY TRUST; ESTATE OF RHEA L. DUCKETT, DECEASED,<br><br>Third-Party Plaintiff.<br><br>PWS, INC.; CRAIG JACKSON; LEONARD KESSLER; IRENE WHITE; HYUNG CHOI; YANG CHOI; CHUL HWANG; SUN J. HWANG; BYUNG HA WOO; JUNG SOOK WOO; LEE HWAN KIM; KYUNG HEUI KIM; and DOES 1 through 10, inclusive,<br><br>Third-Party Defendants | |

1

Third-Party Defendant CRAIG JACKSON responds as set forth herein to Third-Party Complaint of Third-Party Plaintiffs JOHN W. DUCKETT AS TRUSTEE OF THE ALFRED C. DUCKETT, JR. TRUST, NANCY MCGEHEE STEWART AS TRUSTEE OF THE NANCY DUCKETT BRANTLY TRUST; and ESTATE OF RHEA L. DUCKETT, DECEASED (hereinafter 'DUCKETTS').

## INTRODUCTION

1.     Answering paragraph 1, Third-Party Defendant JACKSON admits that MONTERRA initiated an action against the DUCKETTS based on alleged contamination of the MONTERRA Property.  Mr. JACKSON lacks information sufficient to allow him to answer the contention that Third-Party Plaintiff DUCKETTS are former owners of property (hereinafter 'DUCKETTS Property' or the 'Site') adjacent to Plaintiff MONTERRA INVESTMENT, L.P.'s (hereinafter 'MONTERRA') property located at 2841 East Lincoln Avenue in Anaheim, California (hereinafter 'MONTERRA Property') and as such denies said allegation. Furthermore, Mr. JACKSON denies that he caused or is liable for any spills at the DUCKETTS Property or the MONTERRA Property.  Furthermore, Mr. JACKSON lacks information sufficient to allow him to answer the contention that the alleged environmental contamination was caused by the release of dry cleaning chemicals and accordingly denies said allegation.

## JURISDICTION AND VENUE

2.     Answering paragraph 2, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contention that this Court has federal question jurisdiction over this action and accordingly denies said allegation.

3.     Answering paragraph 3, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contention that this Court has supplemental jurisdiction over the DUCKETTS' state law claims and accordingly denies said allegation.

4. Answering paragraph 4, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contention that venue is proper in this District and accordingly denies said allegation.

## PARTIES

5. Answering paragraph 5, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in paragraph 5 and accordingly denies those allegations.

6. Answering paragraph 6, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in paragraph 6 and accordingly denies those allegations.

7. Answering paragraph 7, Third-Party Defendant JACKSON admits that MONTERRA initiated an action against the DUCKETTS based on alleged contamination of the MONTERRA Property.  Mr. JACKSON lacks information sufficient to allow him to answer the balance of the contentions in this paragraph and accordingly denies those allegations.

8. Answering paragraph 8, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

9. Answering paragraph 9, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

10. Answering paragraph 10, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

11. Answering paragraph 11, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

12. Answering paragraph 12, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

13. Answering paragraph 13, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

14. Answering paragraph 14, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

15. Answering paragraph 15, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

16. Answering paragraph 16, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

## FACTS

17. Answering paragraph 17, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

18. Answering paragraph 18, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

19. Answering paragraph 19, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

20. Answering paragraph 20, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

21.     Answering paragraph 21, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

22.     Answering paragraph 22, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

23.     Answering paragraph 23, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

24.     Answering paragraph 24, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

25.     Answering paragraph 25, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

26.     Answering paragraph 26, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

27.     Answering paragraph 27, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

28.     Answering paragraph 28, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

29.     Answering paragraph 29, Third-Party Defendant JACKSON lacks information sufficient to allow him to answer the contentions in this paragraph and accordingly denies those allegations.

30.     Answering paragraph 30, Third-Party Defendant JACKSON denies that he conducted or permitted dry cleaning operations at the Site and that during that

5

1    time sudden and accidental spills and releases of hazardous substances occurred at

2    and from the Site.   Mr. JACKSON lacks information sufficient to allow him to

3    answer the balance of the contentions in this paragraph and accordingly neither

4    admits nor denies that other Third-Party Defendants may have conducted or

5    permitted dry cleaning operations at the Site and that during that time sudden and

6    accidental spills and releases of hazardous substances occurred at and from the Site.

7        31.    Answering paragraph 31, Third-Party Defendant JACKSON denies that

8    he failed to "properly store, handle, transport, use and dispose of said hazardous

9    substances, and to properly maintain and operate the dry cleaning machines located

10   at the Site." Mr. JACKSON lacks information sufficient to allow him to respond to

11   the balance of the contentions in this paragraph and accordingly denies said

12   allegations.

13       32.    Answering paragraph 32, Third-Party Defendant JACKSON lacks

14   information sufficient to allow him to answer the contentions in this paragraph and

15   accordingly denies those allegations.

16       33.    Answering paragraph 33, Third-Party Defendant JACKSON lacks

17   information sufficient to allow him to answer the contentions in this paragraph and

18   accordingly denies those allegations.

19       34.    Answering paragraph 34, Mr. JACKSON denies that Third-Party

20   Plaintiff DUCKETTS have demanded him to defend and indemnify them from

21   Plaintiff MONTERRA's claims.   Third-Party Defendant JACKSON lacks

22   information sufficient to allow him to answer the balance of the contentions in this

23   paragraph and accordingly denies said allegations.

24   ///

25   ///

26   ///

27   ///

28   ///

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Cost of Recovery Under CERCLA § 107(a)**

**(Against All Third-Party Defendants)**

35.  Answering paragraph 35, Third-Party Defendant JACKSON incorporates by reference each and every answer contained in paragraphs 1 through 34 as if fully set forth in response hereto.

36.  Answering paragraph 36, Third-Party Defendant JACKSON admits the paragraph accurately sets forth some of the terms of CERCLA § 107(a), 42 U.S.C. § 9607(a).

37.  Answering paragraph 37, CERCLA § 101(21), 42 U.S.C. § 9601(21) speaks for itself as to what constitutes a "person." Mr. JACKSON lacks information sufficient to allow him to answer the balance of the contentions in this paragraph and accordingly denies said contentions.

38.  Answering paragraph 38, CERCLA § 101(9), 42 U.S.C. § 9601(9) speaks for itself as to what constitutes a "facility." Mr. JACKSON lacks information sufficient to allow him to state what reasons, if any, the Site may be considered a "facility" under CERCLA § 101(9), 42 U.S.C. § 9601(9).

39.  Answering paragraph 39, Third-Party Defendant JACKSON denies that he caused or is liable for any "sudden and accidental spills and other releases of hazardous substances, including PCE and other dry cleaning chemicals, at and from the Site within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)." Mr. JACKSON lacks information sufficient to respond to the balance of the allegations and accordingly denies said allegations.

40.  Answering paragraph 40, Third-Party Defendant JACKSON lacks information sufficient to respond to the allegations in this paragraph and accordingly denies said allegations.

41.  Answering paragraph 41, Third-Party Defendant JACKSON denies that he is a responsible person within the meaning of CERCLA § 107(a)(2) and/or (3),

7

1  42 U.S.C. § 9607(a)(2) and/or (3).  Mr. JACKSON lacks information sufficient for
2  him to respond to the balance of the allegations and accordingly denies said
3  allegations.

4      42.     Answering paragraph 42, Third-Party Defendant JACKSON lacks
5  information sufficient to respond to the allegations and accordingly denies said
6  allegations.

7              **SECOND CLAIM FOR RELIEF**
8           **Contribution Under CERCLA § 113(f)**
9          **(Against All Third-Party Defendants)**

10     43.     Answering paragraph 43, Third-Party Defendant JACKSON
11  incorporates by reference each and every answer contained in paragraphs 1 through
12  42 as if fully set forth in response hereto.

13     44.     Answering paragraph 44, Third-Party Defendant JACKSON admits
14  that it accurately sets forth some of the terms of CERCLA § 113(f), 42 U.S.C. §
15  9613(f).

16     45.     Answering paragraph 45, Third-Party Defendant JACKSON admits
17  that MONTERRA initiated an action against the DUCKETTS based on alleged
18  contamination of the MONTERRA Property.

19     46.     Answering paragraph 46, Third-Party Defendant JACKSON denies that
20  he is liable or potentially liable under Section 9607(a) as alleged in the First Claim
21  for Relief (paragraphs 35-42).  Mr. JACKSON lacks information sufficient for him
22  to respond to the balance of the allegations and accordingly denies said allegations.

23     47.     Answering paragraph 47, Third-Party Defendant JACKSON denies that
24  the DUCKETTS are entitled to contribution from him.  Mr. JACKSON lacks
25  information sufficient for him to respond to the balance of the allegations and
26  accordingly denies said allegations.

27  ///
28  ///

8

**THIRD CLAIM FOR RELIEF**

**Contribution or Indemnity Under California Hazardous**

**Substances Account Act**

**(Against All Third-Party Defendants)**

48.     Answering paragraph 48, Third-Party Defendant JACKSON incorporates by reference each and every answer contained in paragraphs 1 through 47 as if fully set forth in response hereto.

49.     Answering paragraph 49, Third-Party Defendant JACKSON lacks information sufficient to respond to the contention and accordingly denies said contention.

50.     Answering paragraph 50, Third-Party Defendant JACKSON denies that his is liable under Section 25323.5 as alleged in the First Claim for Relief (paragraphs 35 through 42).  Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

51.     Answering paragraph 51, Third-Party Defendant JACKSON lacks information sufficient to respond to the allegations and accordingly denies said allegations.

52.     Answering paragraph 52, Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

53.     Answering paragraph 53, Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

54.     Answering paragraph 54, Third-Party Defendant JACKSON denies that he is liable to the DUCKETTS.  Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

55.     Answering paragraph 55, Mr. JACKSON lacks information sufficient for him to respond to the allegations and accordingly denies said allegations.

# FOURTH CLAIM FOR RELIEF

## Equitable Indemnity and Contribution Under California Law

### (Against All Third-Party Defendants)

56. Answering paragraph 56, Third-Party Defendant JACKSON incorporates by reference each and every answer contained in paragraphs 1 through 55 as if fully set forth in response hereto.

57. Answering paragraph 57, Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

58. Answering paragraph 58, Third-Party Defendant JACKSON denies that his acts or omissions were proximate causes of the DUCKETTS' alleged response costs and damages. Mr. JACKSON lacks information sufficient to allow him to answer the balance of the contentions in this paragraph and accordingly neither admits nor denies that other Third-Party Defendants' acts or omissions were the proximate causes of the response costs and damages the DUCKETTS have incurred and will incur.

59. Answering paragraph 59, Third-Party Defendant JACKSON denies that the DUCKETTS are entitled to equitable indemnity and/or contribution from him. Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

# FIFTH CLAIM FOR RELIEF

## Express Contractual Indemnity

### (Against All Third-Party Defendants)

60. Answering paragraph 60, Third-Party Defendant JACKSON incorporates by reference each and every answer contained in paragraphs 1 through 59 as if fully set forth in response hereto.

61. Answering paragraph 61, Mr. JACKSON lacks information sufficient for him to respond to the allegations and accordingly denies said allegations.

10

62.     Answering paragraph 62, Third-Party Defendant JACKSON denies that he has caused, or is liable for, Third-Party Plaintiff DUCKETTS to defend themselves against MONTERRA's claims and against demands from the State of California and/or Orange County, to investigate, remediate or otherwise respond to contamination conditions at and from the Site.  Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

63.     Answering paragraph 63, Third-Party Defendant JACKSON denies that he is liable to reimburse and indemnify the DUCKETTS.  Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

64.     Answering paragraph 64, Mr. JACKSON lacks information sufficient for him to respond to the allegations and accordingly denies said allegations.

## SIXTH CLAIM FOR RELIEF

### Breach of Contract

### (Against All Third-Party Defendants)

65.     Answering paragraph 65, Third-Party Defendant JACKSON incorporates by reference each and every answer contained in paragraphs 1 through 64 as if fully set forth in response hereto.

66.     Answering paragraph 66, Mr. JACKSON lacks information sufficient for him to respond to the allegations and accordingly denies said allegations.

67.     Answering paragraph 67, Mr. JACKSON lacks information sufficient for him to respond to the allegations and accordingly denies said allegations.

68.     Answering paragraph 68, Mr. JACKSON denies that he caused spills or other releases of hazardous substances at and from the Site.  Mr. JACKSON lacks information sufficient to allow him to answer the balance of the contentions in this paragraph and accordingly neither admits nor denies that other Third-Party Defendants may have caused spills or releases of hazardous substances at and from the Site.

11

69.     Answering paragraph 69, Third-Party Defendant JACKSON denies that he used or released hazardous substances at and from the Site or permitted such use or release.  Mr. JACKSON lacks information sufficient for him to respond to the allegations and accordingly denies said allegations.

70.     Answering paragraph 70, Third-Party Defendant JACKSON denies that he used or released hazardous substances at and from the Site or permitted such use or release.  Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.

71.     Answering paragraph 71, Third-Party Defendant JACKSON denies that he breached a contract with the DUCKETTS and that the DUCKETTS' costs and damages are the result of said breach.  Mr. JACKSON lacks information sufficient for him to respond to the balance of the allegations and accordingly denies said allegations.  However, Mr. JACKSON neither admits nor denies that other Third-Party Defendants' actions may have resulted in DUCKETTS' damages.

## SEVENTH CLAIM FOR RELIEF

### Negligence

### (Against All Third-Party Defendants)

72.     Answering paragraph 72, Third-Party Defendant JACKSON incorporates by reference each and every answer contained in paragraphs 1 through 71 as if fully set forth in response hereto.

73.     Answering paragraph 73, Third-Party Defendant JACKSON lacks information sufficient to respond to the allegations and accordingly denies said allegations.

74.     Answering paragraph 74, Third-Party Defendant JACKSON lacks information sufficient to respond to the allegations and accordingly denies said allegations.

75.     Answering paragraph 75, Third-Party Defendant JACKSON denies that he failed to exercise due or ordinary care and that he was negligent in any way.  Mr. JACKSON lacks information sufficient to respond to the balance of the allegations

and accordingly denies said allegations.  However, Mr. JACKSON neither admits nor denies that other Third-Party Defendants may have conducted or permitted dry cleaning operations at the Site and that during that time sudden and spills and releases of hazardous substances occurred at and from the Site.

76.    Answering paragraph 76, Third-Party Defendant JACKSON denies that any of his actions resulted in damages to the DUCKETTS.  Mr. JACKSON lacks information sufficient to respond to the balance of the allegations and accordingly denies said allegations.  However, Mr. JACKSON neither admits nor denies that other Third-Party Defendants may have conducted or permitted dry cleaning operations at the Site and that during that time sudden and spills and releases of hazardous substances occurred at and from the Site.

## EIGHTH CLAIM FOR RELIEF
### Declaratory Relief
### (Against All Third-Party Defendants)

77.    Answering paragraph 77, Third-Party Defendant JACKSON incorporates by reference each and every answer contained in paragraphs 1 through 76 as if fully set forth in response hereto.

78.    Answering paragraph 78, Third-Party Defendant JACKSON admits that the paragraph accurately sets forth a portion of CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2).

79.    Answering paragraph 79, Third-Party Defendant JACKSON admits that there exists a controversy between the DUCKETTS and Mr. JACKSON as described in this paragraph.  Mr. JACKSON lacks information sufficient to respond to the balance of the allegations and accordingly denies said allegations.

80.    Answering paragraph 80, Mr. JACKSON lacks information sufficient to respond to the allegations and accordingly denies said allegations.

///

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts)

81.     As a separate and distinct affirmative defense as against the Third-Party Complaint which has been brought against this answering Third-Party Defendant, this answering Third-Party Defendant alleges that the allegations contained in the Third-Party Complaint, whether taken separately and/or collectively, fail to state facts sufficient to constitute a cause of action and/or causes of action as against this answering Third-Party Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Excuse)

82.     As a separate and distinct affirmative defense as against the Third-Party Complaint which has been brought against this answering Third-Party Defendant, this answering Third-Party Defendant is informed and believes and thereon alleges that the DUCKETTS should take nothing by way of their Third-Party Complaint because Third-Party Plaintiff's cause of action is barred by Third-Party Plaintiff's own prior breach of the agreement between the parties.

### THIRD AFFIRMATIVE DEFENSE

(Failure of Performance)

83.     As a separate and distinct affirmative defense as against the Third-Party Complaint which has been brought against this answering Third-Party Defendant, this answering Third-Party Defendant is informed and believes and thereon alleges that if this answering Third-Party Defendant failed to perform any oral or written promise, covenant or condition, said failure of performance was caused, and continues to be caused, by the DUCKETTS' or their agents' acts and omissions and that the DUCKETTS are estopped to deny otherwise.

///

14

**FOURTH AFFIRMATIVE DEFENSE**

(Frustration of Purpose)

84.     As a separate and distinct affirmative defense as against the Third-Party Complaint which has been brought against this answering Third-Party Defendant, this answering Third-Party Defendant is informed and believes and thereon alleges that the principle purpose of the contract referenced in the DUCKETTS's Third-Party Complaint was substantially frustrated due to no fault of this answering Third-Party Defendant, but rather, due to the occurrence of an event or events the non-occurrence of which was a basic assumption on which the contract was made.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches and Waiver)

85.     As a separate and distinct affirmative defense as against the Third-Party Complaint which has been brought against this answering Third-Party Defendant, this answering Third-Party Defendant is informed and believes and thereon alleges that the DUCKETTS's Third-Party Complaint is barred by the doctrine of laches and/or waiver.

**SIXTH AFFIRMATIVE DEFENSE**

(Negligence)

86.     As a separate and distinct affirmative defense as against the Third-Party Complaint which has been brought against this answering Third-Party Defendant, this answering Third-Party Defendant is informed and believes and thereon alleges that, to the extent the DUCKETTS suffered any loss or costs by reason of any of the matters alleged in the Third-Party Complaint, or the purported cause of action contained therein, that any such loss was the result of the DUCKETTS's own negligence or the result of the negligence of other Third-Party Defendants and the DUCKETTS may therefore not recover damages or costs from this answering Third-Party Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Exoneration)

87.    As a separate and distinct affirmative defense as against the Third-Party Complaint which has been brought against this answering Third-Party Defendant, this answering Third-Party Defendant is informed and believes, and thereon alleges, that the DUCKETTS have, without consent of Third-Party Defendant herein, altered the principal obligations(s) and/or impaired and/or suspended the promisee's rights and/or remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

(Destruction, Cancellation and/or Material Alteration of Contract)

88.    Third-Party Plaintiff's Complaint is barred by the destruction, cancellation and/or material alteration of the referenced contract or contract referred to in the Third-Party Complaint.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Demand Defense and Indemnification)

89.    Third-Party Plaintiff's Complaint is barred because DUCKETTS failed to demand Mr. JACKSON to defend and indemnify them.

**TENTH AFFIRMATIVE DEFENSE**

(Other Third-Party Defendants Liable)

90.    The amounts owing to Third-Party Plaintiff, if any, are owed by parties other than this answering Third-Party Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

91.    To the extent Third-Party Plaintiff seeks equitable relief, their inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Third-Party Plaintiff herein.

///

///

16

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

92.     The Third-Party Complaint and each and every Cause of Action contained therein is barred by reasons of acts, omissions, representations and course of conduct by Third-Party Plaintiff by which Mr. JACKSON was led to rely to his detriment, thereby barring under the doctrine of equitable estoppel any Causes of Action asserted by the DUCKETTS.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

93.     The Third-Party Complaint is barred by the statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third-Party Plaintiff)

94.     Third-Party Plaintiff was negligent and/or a legal cause of the incident which forms the basis of the Third-Party Complaint.  The DUCKETTS' recovery, if any, should be reduced by an amount proportionate to the amount by which the DUCKETTS' negligence contributed to the happening of the alleged incident.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence of Third Parties)

95.     Third-Party Plaintiff DUCKETTS' damages, if any, were caused in whole or in part by persons or entities other than Third-Party Defendant JACKSON. Accordingly, in the event the DUCKETTS' do have damages, liability for those damages should be apportioned between those at fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Partial Indemnification)

96.     The acts or omissions of third persons, other than Third-Party Defendant JACKSON legally caused or contributed to the events leading up to the incident which forms the basis of the DUCKETTS' Third-Party Complaint.  Mr. JACKSON is entitled to a judicial determination of the percentage of fault of each person who is a legal cause of the alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Assent Obtained by Misrepresentation)

97.    The Third-Party Complaint is barred by the provisions of the California Civil Code § 3391(3), as Defendant' assent to and execution of the subject agreements was obtained by the misrepresentations, concealment, circumvention and unfair practices of Third-Party Plaintiff and their agents, representatives and/or other third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

98.    Third-Party Plaintiff's damages, if any, were the proximate result of the intervening and superseding acts and omissions of others and not any act or omission of Mr. JACKSON, thereby barring the DUCKETTS from any recovery against Mr. JACKSON.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

99.    Third-Party Plaintiff knowingly and voluntarily assumed the risk of the damages it sustained, thereby barring it from any recovery against Third-Party Defendant JACKSON.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Section 9607(b))

100.   Third-Party Defendant JACKSON is not liable for any damages alleged by the DUCKETTS because if Mr. JACKSON was a lessee of the Site, and if Mr. JACKSON handled a hazardous substance, both of which allegations Mr. JACKSON denies, then he exercised due care with respect to the hazardous substance, taking into consideration the characteristics of such hazardous substance in light of all the relevant facts and circumstances and he took precautions against foreseeable acts or omissions of any third party and the consequences that could foreseeably result from such acts or omissions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Standing)

101.   Third-Party Plaintiff lacks standing to allege any of its Causes of Action against Third-Party Defendant JACKSON.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

102.   This answering Third-Party Defendant reserves the right to amend this answer to assert any other affirmative defenses as may be supported by any fact(s) developed through investigation, discovery or analysis.


**WHEREFORE**, Third-Party Defendant prays for relief as follows:

1.     That this answering Third-Party Defendant be awarded its attorneys' fees and costs of suit herein; and

2.     For such other and further relief as the court deems just and proper.


Dated: March 20, 2014               CARNO & CARLTON, LLP




                                     _/s/ Edward Alberola_____
                                     EDWARD ALBEROLA, ESQ., Attorney For
                                     Third-Party Defendant CRAIG JACKSON

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                                      *Printed Name*                                           *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**