**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONTERRA INVESTMENT, L.P., a California Limited Partnership,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN W. DUCKETT. et al.<br>        Defendants. | Case No.:  SACV 13-1487-GW(RNBx)<br><br>Assigned to Judge George H. Wu<br>Courtroom 10<br><br>**PROTECTIVE ORDER** |

Pursuant to the Stipulation by all parties to this action and Zurich American Insurance Company, it is hereby ordered as follows:

**1.**     **PURPOSES AND LIMITATIONS**

This protective order is limited to the deposition (the "Deposition" or "Zurich American Deposition") of the designee(s) of non-party Zurich American Insurance Company ("Zurich American"), pursuant to a subpoena issued by defendants John W. Duckett as Trustee of the Alfred C. Duckett, Jr. Trust; Nancy McGehee Stewart as Trustee of the Nancy Duckett Brantly Trust; and Estate of Rhea L. Duckett, Deceased (collectively, the "Ducketts") in this action.

Zurich American believes that the Deposition will seek testimony about its

confidential, proprietary, or private information for which special protection from public disclosure is warranted. While the Ducketts and third-party defendants Lee Hwan Kim, Kyung Hei Kim, Jeannie Oh, erroneously sued as Yang Choi, and PWS, Inc., disagree, nonetheless, in an effort to defer any disputes unless and until it should become necessary to obtain a ruling(s) on the issue, Zurich American and the parties to this action have stipulated to a protective order that allows Zurich American to protect what it believes is its confidential, proprietary, or private information and provides an option for the parties to this action to challenge any such confidential designations by Zurich American.

The parties to this action and Zurich American acknowledge that this Order does not confer blanket protections on the testimony provided at the Deposition. The parties and Zurich American further acknowledge, as set forth in Section 10.3, below, that this Stipulated Protective Order does not entitle them to file information designated as confidential under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party or Zurich American seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Action: *Monterra Investment, L.P., et al. v. John W. Duckett, et al.,* USDC Central District Case No. 13-CV-01487.

2.2     Challenging Party: a Party that challenges the designation of Testimony under this Order.

2.3     "Confidential" Testimony: testimony at the Zurich Deposition that Zurich has designated as Confidential pursuant to the terms of this Order.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Testimony: testimony at the Zurich Deposition.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this Action, or in connection with a Party's efforts to obtain insurance coverage for this Action.

2.7   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.9   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Receiving Party: a Party that attends the Zurich American Deposition, receives a copy of the transcript of the Zurich American Deposition, or otherwise receives information about the Testimony.

3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Confidential Testimony (as defined above), but also (1) any information copied or extracted from Confidential Testimony; and (2) all copies, excerpts, summaries, or compilations of Confidential Testimony.

Any use of Confidential Testimony at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Testimony at trial.

Nothing in this Order shall be construed to prevent any Party or its counsel

1  from making use as they see fit of information available to the public or lawfully in
2  the possession of the Party or its counsel, or that properly came into the possession
3  of the Party or its counsel, independent of the Zurich American Deposition.
4  However, this provision is not intended to waive any protections to which such
5  information otherwise may be entitled.

## 4.  DURATION

Once a case proceeds to trial, all of the Testimony to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172,1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## 5.  DESIGNATION OF CONFIDENTIAL TESTIMONY

5.1  <u>Exercise of Restraint and Care in Designating Testimony for Protection</u>.  Zurich American may designate Testimony for protection under this Order.  Zurich American must take care to limit any such designation to Testimony that qualifies under the appropriate standards. Zurich American must designate for protection only those parts of Testimony that qualify so that other portions of the Testimony for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose Zurich American to

sanctions.

If it comes to Zurich American's attention that Testimony that it designated for protection does not qualify for protection, Zurich American must promptly notify all other Parties that it is withdrawing the inapplicable designation.

Zurich American acknowledges and agrees that it shall not designate the following Testimony, if any, as Confidential:  Testimony regarding insurance policy(ies) (1) issued by Zurich American or its affiliates that Zurich American has produced to the Ducketts in this Action, or (2) which insure any Party in the Action for the claims in this Action, whether or not Zurich has produced copies of the policy(ies) in the Action.

5.2     <u>Manner and Timing of Designations</u>. Designation in conformity with this Order requires that Zurich American identify the Confidential Testimony by specific references, such as page and line numbers, and notify all Parties' counsel of the designation(s) at the Zurich American Deposition, or within 20 days of its receipt of the transcript of the Zurich American Deposition.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified Testimony does not, standing alone, waive Zurich American's right to secure protection under this Order for such Testimony. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Testimony is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time within 28 days of a designation pursuant to Section 5, or as otherwise permitted by the Court.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq.*  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

      6.3    <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on Zurich American.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless Zurich American has waived or withdrawn the confidentiality designation, all parties shall continue to afford the Testimony in question the level of protection to which it is entitled under Zurich American's designation until the Court rules on the challenge.

**7.**    **<u>ACCESS TO AND USE OF CONFIDENTIAL TESTIMONY</u>**

      7.1    <u>Basic Principles</u>. A Receiving Party may use Confidential Testimony only in connection with (1) prosecuting, defending, or attempting to settle this Action; or (2) pursuing their rights and claims (including without limitation claims for breach of the implied covenant of good faith and fair dealing) under insurance policies issued by Zurich American, its parents, or affiliates that arise out of relate to the claims alleged against a Receiving Party in this Action. Such Confidential Testimony may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential Testimony must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "Confidential" Testimony</u>. Unless otherwise ordered by the Court or permitted in writing by Zurich American, a Receiving Party may disclose any Testimony designated "Confidential" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the Testimony;

      (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    the Court and its personnel;

      (e)    court reporters and their staff;

      (f)    a Party's insurers to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (i)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Testimony unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by Zurich American or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Testimony may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      (j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

/ / /

/ / /

/ / /

/ / /

**8.**     <u>**CONFIDENTIAL TESTIMONY SUBPOENAED OR ORDERED**</u>

**PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Testimony designated in this Action as "CONFIDENTIAL," that Party must:

    (a)    promptly notify Zurich American in writing. Such notification shall include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Testimony covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by Zurich American whose Confidential Testimony may be affected.

If Zurich American timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Testimony designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained Zurich American's permission. Zurich American shall bear the burden and expense of seeking protection in that court of its Confidential Testimony. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or governmental authority.

**9.**    **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL TESTIMONY**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Testimony to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing Zurich American of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Testimony, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.  MISCELLANEOUS**

10.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right to object on any ground to use in evidence of any of the Testimony covered by this Protective Order.  The fact that a Party does not challenge a designation of Testimony shall not be construed as agreement by that Party that the Testimony is in fact Confidential.

10.3  <u>Filing Confidential Testimony</u>. If a Party or Zurich American seeks to file under seal any Confidential Testimony, it must comply with Civil Local Rule 79-5.  Confidential Testimony may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Testimony at issue; good cause must be shown in the request to file under seal. If a Party's or Zurich American's request to file Confidential Testimony under seal is denied by the Court, then the Receiving Party may file the Testimony in the public record unless otherwise instructed by the Court.

**11.  FINAL DISPOSITION**

After the final resolution of (1) this Action and (2) the Parties' efforts to obtain insurance coverage for this Action, within 60 days of a written request by Zurich American, each Receiving Party must return all Confidential Testimony to Zurich American or destroy such Testimony. As used in this subdivision, "all Confidential Testimony" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Testimony. Whether the Confidential Testimony is returned or destroyed, the Receiving Party must submit a written certification to Zurich American (and, if not the same person or entity, to Zurich American) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Testimony that was returned or

1 destroyed and (2) affirms that the Receiving Party has not retained any copies,
2 abstracts, compilations, summaries or any other format reproducing or capturing any
3 of the Confidential Testimony. Notwithstanding this provision, counsel are entitled
4 to retain an archival copy of all pleadings, motion papers, trial, deposition, and
5 hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,
6 expert reports, attorney work product, and consultant and expert work product, even
7 if such materials contain Confidential Testimony. Any such archival copies that
8 contain or constitute Confidential Testimony remain subject to this Protective Order
9 as set forth in Section 4 (DURATION).

10 **12.** Any violation of this Order may be punished by any and all appropriate
11 measures including, without limitation, contempt proceedings and/or monetary
12 sanctions.

**IT IS SO ORDERED.**

DATED: September 7, 2016

*[signature]*

GEORGE H. WU, U.S. District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____[insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

A-1  
[PROPOSED] PROTECTIVE ORDER  
Case No. 13-cv-01487-GW (RNBx)